UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:                                                    Case No. GG 17-03114-jtg

LARRY WAYNE FULLER,                                       Chapter 13

                        Debtor.                          Hon. John T. Gregg

_____/

## OPINION REGARDING MOTION TO
## SET ASIDE DISMISSAL ORDER

APPEARANCES:  Larry W. Fuller, *pro se*, Kalamazoo, Michigan; Elizabeth M. Clark, Esq. for Brett N. Rodgers, Chapter 13 Trustee, Grand Rapids, Michigan; Robert Shefferly, Trott Law, P.C., Grand Rapids, Michigan for U.S. Bank National Association; and Rebecca Childers, Akerman LLP, Chicago, Illinois for The Bank of New York Mellon.

This matter comes before the court on a motion to set aside a dismissal order [Dkt. No. 144] (the "Motion") filed by Larry W. Fuller, the debtor in the above-captioned bankruptcy case (the "Debtor").  In his Motion, the Debtor, acting *pro se*, requests that the court set aside an order entered on November 14, 2017 dismissing his bankruptcy case under section 1307(c) of the Bankruptcy Code.[1]  Brett N. Rodgers, the chapter 13 trustee (the "Trustee"), U.S. Bank National Association ("U.S. Bank"), and The Bank of New York Mellon ("BNYM") objected to the Motion. For the following reasons, the court shall deny the Motion.

## JURISDICTION

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(a).  Notwithstanding dismissal of this case, the court retains jurisdiction to adjudicate motions to alter or amend a

---

[1]     The Bankruptcy Code is set forth in 11 U.S.C. §§ 101 *et seq.*  Specific sections of the Bankruptcy Code are identified as "section __."  The Federal Rules of Civil Procedure are set forth in Fed. R. Civ. P. 1 *et seq.* and are identified as "Rule __."  The Federal Rules of Bankruptcy Procedure are set forth in Fed. R. Bankr. P. 1001 *et seq.* and are identified as "Bankruptcy Rule __."

judgment.  *Cusano v. Klein (In re Cusano)*, 431 B.R. 726, 733-34 (B.A.P. 6th Cir. 2010) (citations omitted).

## BACKGROUND

On June 27, 2017, the Debtor filed a voluntary petition for relief under chapter 13.[2]  In response to a "notice of filings due" issued by the Clerk of the Court, the Debtor filed a motion to extend the time for the Debtor to file his schedules, statement of financial affairs, and chapter 13 plan.  The court granted the Debtor's motion, as it routinely does early in a case.  On July 25, 2017, the Debtor filed his second motion to extend the time to file certain requisite documents.  The court again granted the Debtor's motion and further extended the deadline until August 8, 2017.  The Debtor neither complied with this new deadline nor timely filed a motion for an additional extension.  Nonetheless, the court did not dismiss the Debtor's case on August 8, 2017, electing instead to provide the Debtor with a one week grace period.  When the Debtor failed to file his requisite documents within such grace period, the court entered an order dismissing the Debtor's case on August 16, 2017.

On the same day that the court entered its dismissal order, the Debtor belatedly filed another motion for an extension of time to file his requisite documents.  Shortly thereafter, the Debtor filed a request for the dismissal order to be set aside along with his remaining schedules and proposed chapter 13 plan.  As explained in its bench opinion on August 16, 2017, the court decided to set aside its dismissal order over the objections of the Trustee and BNYM.  After the dismissal order was set aside, the Debtor retained an attorney to assist him with his case.

---

[2]    The Debtor previously filed a petition for relief under chapter 13 in this court on May 12, 2017.  *In re Fuller*, Case No. 17-02409 (Bankr. W.D. Mich.).  The Debtor's first case was dismissed because the Debtor failed to timely file requisite documents, including his schedules, statement of financial affairs and chapter 13 plan.

On September 19, 2017, the Trustee filed a motion to dismiss (the "Motion to Dismiss") in which he alleged, among other things, that (i) the Debtor was ineligible for relief under chapter 13 based on the debt limits prescribed in the Bankruptcy Code, (ii) the Debtor had failed to commence payments pursuant to sections 1307(c)(4) and 1326(a), and (iii) the Debtor had caused an unreasonable delay prejudicial to creditors under section 1307(c)(1).  In October 2017, the Debtor and his attorney suffered from a breakdown of the attorney-client relationship, causing the Debtor's attorney to file a motion to withdraw.  The court granted the motion to withdraw with the consent of the Debtor.

On November 14, 2017, the court held a hearing on the Motion to Dismiss.  Although the Debtor did not file a written response to the Motion to Dismiss, he raised certain objections at the hearing.[3]  As set forth in its bench opinion given at the conclusion of the hearing, the court decided grant the Motion to Dismiss for three reasons.

First, the court agreed with the Trustee and found that the Debtor was not eligible for relief under chapter 13.  *See* 11 U.S.C. § 109(e) (establishing maximum amounts of secured and unsecured debts for eligibility under chapter 13).  According to the Debtor's schedules on file with the court at the time of the hearing, the Debtor's secured and unsecured debts exceeded the threshold amounts of $1,184,200 and $394,725, respectively.

Second, the court found that the Debtor had failed to comply with section 1326, which requires a debtor to begin making payments to the trustee under his or her proposed plan within thirty days after the order for relief (*i.e.*, the petition date in a chapter 13 case).  *See* 11 U.S.C. § 1307(c)(4).  As of the date of the hearing on the Motion to Dismiss, the Debtor was required to

---

[3]      U.S. Bank and BNYM appeared at the hearing in support of the Motion to Dismiss.

have made more than $19,000 in payments to the Trustee, yet he had failed to pay even $1.00, a fact not disputed by the Debtor.

Third, the court found that dismissal was warranted because of the Debtor's unreasonable delay to the prejudice of his creditors. *See* 11 U.S.C. § 1307(c)(1). The court noted that the Debtor had already requested and received several extensions of time to address numerous issues related to the Debtor's schedules, statement of financial affairs and proposed plan. At the same time, the Debtor had not made any payments to the Trustee. Nor did the Debtor, based on the income identified in his schedules, have the means by which to make the payments required under his proposed plan. The court therefore concluded that the Debtor's delay was unreasonable under the circumstances and that the Debtor's creditors, including BNYM and U.S. Bank, were prejudiced as a result of such delay.

On November 28, 2017, the Debtor filed the Motion, to which the Trustee and JPMC both objected. The court held an initial hearing regarding the Motion on December 14, 2017. At the beginning of the hearing, the Debtor requested that the court adjourn the hearing to allow him to fully understand the Trustee's written objection. The court granted the Debtor's request for a limited adjournment, notwithstanding the protests of the Trustee and BNYM.[4]

At the adjourned hearing, the Debtor, the Trustee, U.S. Bank and BNYM appeared. The court took the matter under advisement at the conclusion of the hearing.

## DISCUSSION

The Debtor requests that the court set aside the Dismissal Order under Bankruptcy Rule 7055, incorporating Rule 55(c). However, Rule 55(c) addresses relief from defaults and default

---

[4]     The Debtor filed a motion to strike the objections of the Trustee and U.S. Bank because they were allegedly untimely. The motion to strike was mooted when the court adjourned the hearing after consulting with the Debtor and other parties as to their availability.

judgments, not judgments decided on the substantive merits. *See* Fed. R. Civ. P. 55(c) (relief from default for good cause and relief from default judgment by satisfying element under Rule 60(b)); *see also Geberegeorgis v. Gammarino (In re Geberegeorgis)*, 310 B.R. 61, 67 (B.A.P. 6th Cir. 2004) (where Bankruptcy Rule 9024 invoked to set aside default judgment, court should consider equitable factors derived from Rule 55 as well as basis for relief under Rule 60(b)). Here, the court did not enter a default or a default judgment and instead rendered a decision on the merits after considering the arguments of all parties. The Debtor's reliance on Rule 55(c) is therefore misplaced.

Based on the Debtor's arguments and the timing of the Motion, the court interprets the Debtor's request as one to alter or amend the Dismissal Order under Rule 59(e). When a party seeks to alter or amend a judgment within fourteen days of its entry, the more liberal standard under Bankruptcy Rule 9023, as opposed to Bankruptcy Rule 9024, generally applies. *Compare* Fed. R. Bankr. P. 9023 (incorporating, in large part, Rule 59) *with* Fed. R. Bankr. P. 9024 (incorporating, in large part, Rule 60).[5] Rule 59(e) requires a court to alter or amend a judgment only if the movant can establish one of the following: (i) a clear error of law, (ii) newly discovered evidence, (iii) an intervening change in controlling law, or (iv) a need to prevent a manifest injustice. *See, e.g.*, *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citation omitted); *accord Marquette Cty. Rd. Comm'n v. EPA*, 2016 WL 7228156, at \*1 (W.D. Mich. Dec. 14, 2016) (citation omitted).

"These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y. 1999) (citation omitted); *see Hamerly v. Fifth Third Mortg.*

---

[5]     The Dismissal Order constitutes a judgment. *See* Fed. R. Bankr. P. 7054 (incorporating Fed. R. Civ. P. 54(a)).

*Co. (In re J & M Salupo Dev. Co.)*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (citation omitted) (movant bears burden of demonstrating grounds exist to set aside order or judgment under Rule 59(e)).  A motion for relief under Rule 59(e) is not an opportunity to reargue a case or raise issues that could have been addressed in the previous motion.  *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 692 (6th Cir. 2012) (quotation omitted); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

The Debtor argues that the Dismissal Order should be set aside because he has amended his schedules post-dismissal so that his secured and unsecured debts no longer exceed the limits under section 109(e).  The Debtor also contends that he has acted in good faith throughout his case, has the means to pay his creditors, and has failed to navigate through chapter 13 due to the poor legal representation he allegedly received from his former counsel.  According to the Debtor, if the Dismissal Order is set aside, he will be able to retain new counsel to assist him with preparation of an amended plan and other documents.[6]

The Debtor does not contend that an intervening change in controlling law has occurred or that the court made a clear error of law.  Instead, the Debtor seems to rely on newly discovered evidence and the need to prevent a manifest injustice.

### A.    *Newly Discovered Evidence*

The Debtor first requests that the court consider his post-dismissal schedules as providing a basis to set aside the Dismissal Order.  The court interprets the Debtor's reliance on his amended schedules as newly discovered evidence.  In order for evidence to be considered "newly discovered," the evidence must have been previously unavailable.  *GenCorp, Inc. v. Am. Int'l*

---

[6]    During the hearing on the Motion to Dismiss, the Debtor insisted that he had attempted to contact no less than twenty-two attorneys, none of whom would agree to represent him.

*Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). "[E]vidence is 'unavailable,' so as to justify its late submission by way of a motion under Rule 59(e), only if it could not, in the exercise of reasonable diligence, have been submitted before." *Javetz v. Board of Control, Grand Valley State Univ.*, 903 F.Supp. 1181, 1191 (W.D. Mich. 1995) (citation omitted).

The Debtor has not demonstrated that his post-dismissal schedules constitute newly discovered evidence. The information contained in the Debtor's amended schedules was available to the Debtor when he filed his petition. The Debtor had more than four months to file accurate schedules yet inexplicably did so only after his case was dismissed. *See GenCorp, Inc.*, 178 F.3d at 834. Because he failed to exercise reasonable diligence with respect to information within his control as of the petition date, the Debtor's attempt to introduce newly discovered evidence in the form of post-dismissal schedules is unavailing. The information contained in the Debtor's post-dismissal schedules is therefore not newly *discovered* evidence. Rather, at best, it is newly *submitted* evidence. *See J.B.F. v. Ky. Dept. of Educ.*, 690 Fed. Appx. 906, 907 (6th Cir. 2017); *see also infra* n.7.

The Debtor also points to a letter from a potential employer as support for his ability to make payments to the Trustee as required by section 1326. Presumably, the Debtor offers the letter as additional newly discovered evidence. The letter is not newly discovered evidence, however, as it offers nothing new. Rather, it is consistent with the Debtor's representations to the court beginning in September 2017 -- the Debtor was unemployed but hoping to obtain employment within the next two months. By exercising reasonable diligence, the Debtor could have obtained and submitted the letter in response to the Motion to Dismiss. He did not do so. The Debtor has therefore failed to demonstrate that the Dismissal Order should be set aside due to newly discovered evidence.

Moreover, even if the court characterized the letter as newly discovered evidence, it would not warrant setting aside the Dismissal Order. *See Javetz*, 903 F.Supp. at 1192 (consideration of newly discovered evidence would not warrant amendment of judgment). The letter states that the Debtor's employment is contingent "upon the company's first product launch." The employer "anticipates Larry Fuller [sic] first payment of $5,000 will be the later portion of December 2017." Because of its purely contingent nature, the letter's probative value at the hearing on the Motion to Dismiss would have been nominal. The letter would not have changed the fact that at the time the Dismissal Order was entered, the Debtor was ineligible for relief under chapter 13, was without sufficient income to fund his proposed plan, and had not made any payments to the Trustee.

### B.    Manifest Injustice

The Debtor also seems to rely on equitable circumstances as additional support for his request to set aside the Dismissal Order. In his Motion, the Debtor posits that (i) a decision on the merits outweighs any inconvenience to other parties in interest, (ii) the Debtor was prejudiced by not having sufficient time to retain counsel, and (iii) the Debtor has attempted to comply with his obligations as a debtor in bankruptcy. The court interprets such argument as a request for relief to prevent a manifest injustice.

Recognized as an "amorphous concept," a manifest injustice requires a "want of equity" or some form of "unfairness." *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 Fed. Appx. 319, 331 (6th Cir. 2014); *In re Cusano*, 431 B.R. at 734 (citation omitted). When seeking relief under Rule 59(e) for a manifest injustice, the movant must be able to demonstrate that altering or amending the underlying judgment will result in a change in the outcome in the movant's favor. *In re Cusano*, 431 B.R. at 734 (citation omitted). A manifest injustice does not occur, however,

when a losing party attempts to correct a poor strategic decision.  *See, e.g.*, *Mich. Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 432 (6th Cir. 2017) (quotation omitted).

In this case, the Debtor has not demonstrated that the Dismissal Order is inequitable or unfair in any way.  The Debtor was provided with numerous opportunities to address various deficiencies throughout the case, including his inability and failure to make *any* payments under his proposed plan.  Although the Debtor amended his schedules in an attempt to become eligible for relief from chapter 13, he did so only after the Dismissal Order was entered.[7]  The Debtor had ample opportunity to address the issue of eligibility prior to and at the hearing on the Motion to Dismiss.  He offered little explanation at that time, other than to allege that his former attorney provided less than satisfactory services.  *Cf.  Couch v. Panther Petroleum, LLC* (*In re Couch)*, 704 Fed. Appx. 569, 575 (6th Cir. 2017) (citations omitted) (parties held accountable for acts and omissions of counsel).  According to the Debtor, his former attorney committed a fraud by including debts on his schedules that had previously been forgiven by creditors or satisfied by the Debtor.  And, the Debtor alleges that he did not sign the schedules on file with the court on the date of the hearing on the Motion to Dismiss.

The court is not persuaded by this argument.  The amended schedules that the Debtor's former attorney filed on his behalf include the same liabilities that the Debtor included on the schedules he filed on his own at the outset of the case.  Moreover, the Debtor's signature appears on the top of each page of the schedules prepared by his former attorney, making it difficult, if not impossible, to accept the Debtor's allegation that he did not sign the amended schedules.  The

---

[7]      The Debtor's efforts in this regard are questionable.  When the Debtor amended his schedules post-dismissal, he excluded creditors, including BNYM, who had been listed on previous iterations.  At the hearing on the Motion, the Debtor explained that the debts to these creditors had either been forgiven or satisfied.  The court is not persuaded by this alleged change in the Debtor's assets and liabilities.  *See GenCorp*, 178 F.3d at 834 (declining to find manifest injustice where change in fact manufactured after judgment entered).

Debtor, not his attorney, had the ultimate obligation to ensure that his schedules were accurate. *See also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393-97 (1993) (declining to find excusable neglect under Rule 60(b) due to inaction of counsel). Finally, if the amended schedules prepared by his former attorney and signed by the Debtor were truly inaccurate, the Debtor had approximately two months prior to the hearing on the Motion to Dismiss to correct and refile them. He did not do so. The court therefore concludes that the Debtor, not his former attorney, was responsible for dismissal of this case.

It is important to note that the Debtor has not, for example, demonstrated that at least some payment would be forthcoming, that he has ability to make payments (even in a reduced amount in accordance with an amended plan), that he made a genuine mistake with respect to the schedules on file with the court at the time the Dismissal Order was entered, or that he experienced exigent and compelling circumstances that might otherwise justify the relief he seeks. Rather, the circumstances in this case were all within the Debtor's control.

## CONCLUSION

For the foregoing reasons, the Motion is denied. The court shall enter a separate order consistent with this Opinion.

**Signed: January 10, 2018**





John T. Gregg
United States Bankruptcy Judge